The Honorable Eddy R. Easley Prosecuting Attorney Seventh Judicial District
101 West Pine, Room 2 Sheridan, Arkansas 72150
Dear Mr. Easley:
You have requested my opinion on the following questions concerning A.C.A. § 12-41-505[1] and the Sheridan Detention Center:
 1. Please provide your opinion as to whether or not the Sheridan Detention Center would fall within the purview of the language of A.C.A. § 12-41-505(a)(1), which refers to a "common jail of the county"?
 2. If the Sheridan Detention Center can be considered the "common jail of the county" pursuant to A.C.A. § 12-41-505(a)(1), does the statute authorize the county to assess the inmate for the expenses in carrying him or her to jail and for his or her support during the period of the inmate's incarceration, including the daily fee charged by the Detention Center to house the inmate?
 3. Is statutory authority required to assess the expenses inquired about above? *Page 2 
As background for these questions, you state:
 Grant County does not own or operate a fail facility. Prisoners of the County are housed at the Sheridan Detention Center, the sole jail facility in the county, which is owned and operated by the City of Sheridan. The County reimburses expenses of county prisoners incurred by the Sheridan Detention Center, and pays the Detention Center a daily fee for housing the inmates. Additionally, some expenses of the inmates such as the cost of medical treatment are billed directly to Grant County, which in turn pays the provider.
You have also provided copies of two ordinances: GRANT COUNTY ORDINANCE 2010-05 (March 15, 2010), entitled "An Ordinance Authorizing the Billing of Prisoners for Expenses Incurred by the County for their Incarceration, `Pay for Stay'" and GRANT COUNTY ORDINANCE 2010-04 (March 15, 2010), entitled "An Ordinance Authorizing the Establishment of an Inmate Healthcare Policy for Grant County, Setting Fees and for Other Purposes — Medical Co-Pay."
RESPONSE
In my opinion, the answer to your first two questions is likely "yes," although it must be recognized that a definitive resolution lies with the court that renders final judgment for costs when sentencing the defendant. The answer to your third question is "no," in my opinion.
Question 1 — Please provide your opinion as to whether or not theSheridan Detention Center would fall within the purview of the languageof A.C.A. § 12-41-505(a)(1), which refers to a "common jail of thecounty"?
The two ordinances you have submitted provide for the collection from inmates of incarceration costs incurred by the County.[2] The ordinances appear to be premised upon the applicability of A.C.A. § 12-41-505(a) (Repl. 2009), which provides: *Page 3 
 (1) Every person who may be committed to the common jail of the county by lawful authority for any criminal offense or misdemeanor, if he or she shall be convicted, shall pay the expenses in carrying him or her to jail and also for his or her support from the day of his or her initial incarceration for the whole time he or she remains there.
 (2) The expenses which accrue shall be paid as directed in the act regulating criminal proceedings.
As reflected by your first question, the threshold issue is whether the Sheridan Detention Center falls within the purview of subsection 12-41-505(a)(1). You have stated that the Detention Facility is the sole jail facility in the county. Assuming that is the case, then in my opinion the answer to this question is likely "yes." Section 12-41-505 plainly makes inmates responsible for the costs of their incarceration in "the common jail of the county" if they are convicted. I believe this language reasonably embraces both the county jail and a facility such as the Sheridan Detention Facility which serves the entire prisoner population in the county. I recognize the countervailing argument that "the common jail of the county" refers strictly to the "county jail" as that term is commonly understood, i.e., a jail owned and managed by the county, either through the sheriff or a designee.[3] But the fact is that the term "county jail" appears elsewhere throughout title 12, chapter 41 of the Code, whereas the different and seemingly broader term "common jail of the county" was used in subsection 12-41-505(a). In my opinion, the difference in terminology supports the conclusion that the "common jail of the county" denotes a broader category and includes the Sheridan Detention Center as the only jail facility in the county.
Question 2 — If the Sheridan Detention Center can be consideredthe "common jail of the county" pursuantto A.C.A. § 12-41-505(a)(1), does the statute authorize the county toassess the inmate for the expenses in carrying him or her to jail andfor his or her support during the period of the inmate's incarceration,including the daily fee charged by the Detention Center to house theinmate?
The answer to this question is "yes," in my opinion. Subsection 12-41-505(a)(1) requires that detainees, if convicted, be responsible for the costs of their care. Two categories of expense are authorized to be charged to convicted persons pursuant *Page 4 
to subsection 12-41-505(a)(1): "expenses in carrying him or her to jail," and expenses "for his or her support from the day of his or her initial incarceration for the whole time he or she remains there." I have previously opined, additionally, that a so-called "daily housing fee" for the support of prisoners reasonably falls within the parameters of the statute.[4]
It is important to recognize, however, that in the final analysis only a court can speak to the lawfulness of any particular local assessment or fee imposed under A.C.A. § 12-41-505(a). Collection may not occur unless and until the inmate is convicted and the costs are included in the court's final judgment against the defendant pursuant to A.C.A. § 16-90-113.[5]
Question 3 — Is statutory authority required to assess theexpenses inquired about above?
No, in my opinion.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Please note that your opinion request mistakenly cites A.C.A. § 5-41-505 as the relevant Code section. I have made the correction in setting out your questions.
[2] Ordinance No. 2010-05 addresses expenses other than medical expenses and identifies the expenses as "an additional element of cost that is to be assessed as part of the judgment upon conviction."Id. at art. III. Ordinance No. 2010-04 charges inmates a medical co-payment for medical services and states that "[t]he property of the persons shall be subject to the payment of expenses."Id. at art. III.
[3] E.g., A.C.A. §§ 12-41-503 and-506.
[4] Op. Att'y Gen. 2008-088.
[5] See Op. Att'y Gen. 2003-005 (noting, additionally, that defendants are not deemed to be convicted until they have been sentenced.) *Page 1